AUSA: Kathryn Wheelock

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | 24 MJ 164 |
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAMJAN STANIVUKOVIC and<br>VLADAMIR RADUNOVIC,<br><br>Defendants. | **COMPLAINT**<br><br>Violations of 18 U.S.C. § 371 and 26 U.S.C. § 5861(d)<br><br>COUNTIES OF OFFENSE:<br>WESTCHESTER/ROCKLAND |

SOUTHERN DISTRICT OF NEW YORK, ss.:

Philippe Goulet, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

### COUNT ONE
### (Unlawful Possession of a Destructive Device)

1. On or about January 11, 2024, in the Southern District of New York and elsewhere, Damjan STANIVUKOVIC and Vladamir RADUNOVIC, the defendants, unlawfully did knowingly possess a firearm, namely, a destructive device, as described in Title 26, United States Code, Sections 5845(a)(8) and (f), not registered to the defendants, STANIVUKOVIC and RADUNOVIC, in the National Firearms Registration and Transfer Record.

(Title 26, United States Code, Section 5861(d) and 2.)

### COUNT TWO
### (Conspiracy to Commit Stalking)

2. Between in or about October 13, 2023 and January 11, 2024, in the Southern District of New York and elsewhere, Damjan STANIVUKOVIC and Vladamir RADUNOVIC, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, stalking, in violation of Title 18, United States Code, Section 2261A(2).

3. It was a part and object of the conspiracy that Damjan STANIVUKOVIC and Vladamir RADUNOVIC, the defendants, and others known and unknown, with the intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, used the mail, any interactive computer service and electronic communication service and electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce to engage in a course of conduct that placed that person in reasonable fear of the death of and serious bodily injury to that person and caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to that person, in violation of 18 U.S.C. 2261A(2).

## Overt Acts

4. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. On or about October 13, 2023, a member of the conspiracy wearing a mask handed a note to the Victim at the Victim's business located in Long Island City, New York, stating "Be smart, do not appeal on Court on Monday. Better for everybody.";

   b. On or about January 11, 2024, Damjan STANIVUKOVIC and Vladamir RADUNOVIC, the defendants, traveled through Rockland County and brought a Destructive Device to the Victim's residence in Westchester County, New York, and said Destructive Device exploded on the Victim's driveway;

   c. On or about January 11, 2024, a member of the conspiracy sent a text message to the Victim's cellphone stating: "Knock knock, show up and what do you think is next. This is your final warning."

(Title 18, United States Code, Section 371.)

The bases for my knowledge and for the foregoing charge is, in part, as follows:

5. I am Special Agent with the FBI, and I have been personally involved in the investigation of this matter. I have been a Special Agent with the FBI for approximately seven years. During my time in law enforcement, I have investigated numerous firearms and ammunition cases. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. Based on my conversations with other law enforcement officers and my review of home surveillance footage, I have learned the following, among other things:

   a. On or about January 11, 2024, law enforcement received a report that a box containing what appeared to be an explosive was left at the end of the driveway of an individual's (the "Victim") residence in Mount Kisco, New York (the "Victim's Residence").

   b. Surveillance video from the Victim's Residence depicts two individuals in a black Jeep SUV drive up to the Victim's Residence at approximately 5:11 a.m. on January 11, 2024. The video depicts that at approximately 5:12 a.m., one of the individuals—wearing a hoodie and a mask and walking with a limp—exiting the vehicle carrying a cardboard box (the "Box") that appears to be on fire, and setting it down at the end of the Victim's Residence's driveway. The black Jeep SUV then

drives away. An explosion in the area where the Box was dropped off can then be seen in the surveillance video at approximately 7:09 a.m.

7. Based on my conversations with law enforcement, including bomb technicians from the Investigating Agency (the "Bomb Technicians"), and my review of photographs of the Box and its contents that were recovered from the scene, I am aware of the following:

   a. The Box contained a 2.5 gallon gasoline can (without a nozzle) containing an ignitable liquid that smelled of gasoline, tan cardboard tubing from the shell of a firework (the "Firework Tubing"), and white powder that appears to be firework residue. The firework tubing appears to have been placed in the opening of the gas can. In addition, the charred remnants of a small orange cone ("Cone Remnants") were found next to the Box.

   b. Bomb Technicians have preliminarily concluded that the Box contained a "destructive device," as that term is defined in Title 26, United States Code, Section 5845(f) (the "Destructive Device").

8. I have reviewed a photograph of the Box, which was recovered from the Victim's Residence after the explosion. The Box bore a shipping label with the recipient name and address of "Damjan Stanivukovic [street number redacted] Anderson Ave Closter NJ 07624-2901":

4



9.      Based on my review of car registration information obtained from a law enforcement database, I am aware that a black Jeep Grand Cherokee bearing New York License Plate No. KJK8421 (the "Black Jeep Grand Cherokee") is registered to a business owned by Damjan STANIVUKOVIC, the defendant. I am also aware that during a *Mirandized* interview of STANIVUKOVIC on or about January 13, 2024, STANIVUKOVIC stated that the Black Jeep Grand Cherokee belonged to his business.

10.     I am aware, based on information from a law enforcement database and my involvement in this investigation, that Damjan STANIVUKOVIC, the defendant, resides at a residence on Anderson Street in Closter, New Jersey—which matched the address on the Box (the "Anderson Street Address"). I am also aware that during a *Mirandized* interview with law enforcement, Vladamir RADUNOVIC, the defendant, stated that he also sometimes resides at the Anderson Street Address. I am also aware that RADUNOVIC walks with a limp.

11. Based on records received from AT&T Wireless, license plate reader data, and surveillance video obtained from the Anderson Street Address, I know that:

   a. The Black Jeep Grand Cherokee was located at the Anderson Street Address at approximately 3:53 a.m. on or about January 11, 2024.

   b. At approximately 4:11 a.m. on or about January 11, 2024, the Black Jeep Grand Cherokee was detected driving into Westchester County from Rockland County on the Mario Cuomo Bridge.

   c. At approximately 4:24 a.m. on or about January 11, 2024, the Black Jeep Grand Cherokee was detected driving northbound on the Taconic State Parkway near Chelsea Street in Mount Pleasant, New York.

   d. At approximately 4:52 a.m. on or about January 11, 2024, the Black Jeep Grand Cherokee was detected driving eastbound on Route 133 at Manchester Drive in Mount Kisco, New York. Based on open-source research, this is approximately 1.3 miles from the Victim's Residence.

   e. The Black Jeep Grand Cherokee was located in the general vicinity of the Victim's Residence between at least approximately 5:09 a.m. and 5:13 a.m. on or about January 11, 2024.

   f. At approximately 5:20 a.m. on or about January 11, 2024, the Black Jeep Grand Cherokee was detected driving westbound on Route 133 at Manchester Drive in Mount Kisco, New York.

   g. At approximately 5:39 a.m. on or about January 11, 2024, the Black Jeep Grand Cherokee was detected driving into Rockland County from Westchester County on the Mario Cuomo Bridge.

    h. The Black Jeep Grand Cherokee returned to the Anderson Street Address at approximately 6:03 a.m. on or about January 11, 2024.

    12. On or about January 13, 2024 at approximately 6:00 am, I and other law enforcement officers executed search warrants of the Black Jeep Grand Cherokee and the Anderson Street Address. Pursuant to these search warrants, law enforcement seized the following:

    a. From the Black Jeep Grand Cherokee, an approximately three-inch, orange cone matching the Cone Remnants recovered from next to Box.

    b. From the Anderson Street Residence:

- Multiple fireworks that are the same color as, and contain writing identical to that on, the Firework Tubing recovered from the Box and used in the Destructive Device;

- Multiple gasoline cans, including one that appears similar in size to the gasoline can found in the Box and used in the Destructive Device;

- Near the gasoline cans, a gasoline nozzle unattached to a gasoline can;

- Under the mattress in the primary bedroom, which I know to be occupied by Damjan STANIVUKOVIC, the defendant, two firearms—specifically, a Wilson Combat 1911 .45 caliber handgun and a Smith and Wesson .357 caliber Magnum revolver;

- In the closet of the primary bedroom, which I know to be occupied by STANIVUKOVIC, one firearm—specifically, an Ithaca Model 37 16 gauge shotgun;

- Also in the primary bedroom occupied by STANIVUKOVIC, a bulletproof vest;

- Under the mattress in a guest bedroom which I know to be used by Vladamir RADUNOVIC, the defendant, a firearm—specifically, a CZ USA 9mm semiautomatic handgun;

- A shotgun shell casing on a table in the kitchen.

    c. In addition, pursuant to the search warrant of the Anderson Street Address, law enforcement seized multiple manuals regarding how to manufacture weapons, including a book titled "Make Fireworks and Explosives at Home – The Ultimate

Instruction Manual for Beginners and Pyrotechnicians to Build Firecrackers, Fireworks and Explosives from Scratch," depicted below:



13. Also pursuant to the search warrant of the Anderson Street Address, I reviewed surveillance video from a camera located at the Anderson Street Address. The surveillance video depicts an individual who I recognize as Vladamir RADUNOVIC, the defendant, load an item into the Black Jeep Grand Cherokee at approximately 3:41 a.m. The surveillance video then shows STANIVUKOVIC and RADUNOVIC enter the Black Jeep Grand Cherokee and drive away at approximately 3:35 a.m.

14. Based on my conversations with law enforcement who interviewed the Victim on or about January 11, 2024, I am aware of the following:

8

a. The Victim stated that for approximately eight years, the Victim has been engaged in legal disputes with Damjan STANIVUKOVIC, the defendant, regarding a past business relationship. The Victim and STANIVUKOVIC have each sued one another. The Victim reported that STANIVUKOVIC was the sole proprietor of Adria Infrastructure LLC ("Adria").

b. The Victim stated that on or about October 13, 2023, before a court date in one of their lawsuits, the Victim received a note from a masked person at the Victim's place of work in Long Island City. The note stated "Be smart, do not appeal on Court on Monday. Better for everybody."

c. At approximately 12:11 p.m., while the Victim was still being interviewed by law enforcement in Westchester County, New York, the Victim received a text message from a phone number ending in -6121 (the "6121 Phone Number"). The message stated: "Knock knock, show up and what do you think is next. This is your final warning." (the "Text Message"). Based on my conversations with law enforcement who conducted the interview, I learned that the Victim and STANIVUKOVIC had a court date on January 10, 2024, and that the Victim's attorney appeared—but neither STANIVUKOVIC nor STANIVUKOVIC's attorney showed up at court.

15. Based on my involvement in this investigation and my training and experience, I believe that the Text Message and the Destructive Device are related, and that the Text Messages suggest that if the Victim or his attorney were to show up at a future court date, the Victim would face consequences beyond the Destructive Device that was already delivered to the Victim's home. In addition, I am aware from by interview with the Victim that the Destructive Device and the Text Message placed the Victim in fear of serious bodily injury and caused him substantial emotional distress.

16. Based on information obtained from Verizon Wireless, I am aware that the 6121 Phone Number is associated with a cellphone (the "6121 Cellphone") that was turned on for the first time at approximately 11 a.m. on or about January 11, 2024. The 6121 Cellphone has only performed one action—sending the Text Messages. At approximately 12:08 p.m. (three minutes before the Text Message was received by the Victim), the 6121 Cellphone was located in the vicinity of 55th Avenue and 43rd Street in Queens, New York.

17. Based on information obtained from Verizon Wireless, I am aware that a cellphone ending in -1275 (the "1275 Phone Number") is registered to STANIVUKOVIC. In addition, I am aware that at approximately 12:11 p.m.—when the Text Message was sent— a cellphone with the 1275 Phone Number was located in the vicinity of Adria's business address (*i.e.*, STANIVUKOVIC's business), which is only approximately one mile away from where the 6121 Cellphone was located three minutes earlier.

18. I am aware that the Destructive Device, which lacked a serial number, could not be registered on the National Firearms Registration and Transfer Record and thus was not registered to Damjan STANIVUKOVIC or Vladamir RADUNOVIC.


WHEREFORE, I respectfully request that Damjan STANIVUKOVIC and Vladamir RADUNOVIC, the defendants, be imprisoned or bailed, as the case may be.

_____
PHILIPPE GOULET
Special Agent
Federal Bureau of Investigation

Sworn to before me
this ___ day of January, 2024.

_____
THE HONORABLE VICTORIA REZNIK
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK